**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1806

KIMMY MCNAIR; LARRY MCNAIR,

            Plaintiffs – Appellants,

v.

JOHNSON & JOHNSON, a foreign corporation; JANSSEN
PHARMACEUTICALS, INCORPORATED, a foreign corporation; ORTHO-
MCNEIL PHARMACEUTICAL, INCORPORATED, a foreign corporation,

            Defendants – Appellees.

Appeal from the United States District Court for the Southern District of West Virginia,
at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:14-cv-17463)

Argued:  January 25, 2017                               Decided:  July 18, 2019

Before NIEMEYER, TRAXLER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Richard David Lindsay, TABOR LINDSAY & ASSOCIATES, Charleston,
West Virginia, for Appellants.  John Winter, PATTERSON BELKNAP WEBB &
TYLER LLP, New York, New York, for Appellees.  **ON BRIEF:** Matthew C. Lindsay,
TABOR LINDSAY & ASSOCIATES, Charleston, West Virginia, for Appellants.  Daniel
R. Higginbotham, THOMAS COMBS & SPANN, PLLC, Charleston, West Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janssen Pharmaceuticals held the patent for the drug levofloxacin, which Janssen marketed under the trade name of Levaquin. Kimmy McNair developed acute respiratory distress syndrome ("ARDS") after taking a generic version of the drug levofloxacin manufactured by Dr. Reddy's Laboratories. As required by federal law, the warnings included with the generic drug taken by McNair were prepared by Janssen.

Kimmy and Larry McNair subsequently filed an action in West Virginia state court against Janssen. They alleged that Janssen was aware that ARDS had been linked to the use of levofloxacin but negligently failed to include this fact in its warnings. The McNairs contended that Janssen had exclusive control of the content of the warnings that went out to the public and to health care providers for both the name brand drug and the generic forms and that Janssen was therefore liable for injuries caused by the lack of warning that levofloxacin might induce ARDS.

After the case was removed to federal court on diversity grounds, the district court granted summary judgment in favor of Janssen. The district court held that West Virginia law does not permit a plaintiff who consumes a generic drug to sue the manufacturer that developed the original brand-name drug and warning label. The McNairs appealed the district court's judgment to this court. We certified the following question to the Supreme Court of Appeals of West Virginia: "Whether West Virginia law permits a claim of failure to warn and negligent misrepresentation against a branded drug manufacturer when the drug ingested was produced by a generic manufacturer." *McNair v. Johnson & Johnson*, 694 F. Appx. 115, 121 (4th Cir. 2017).

3

The West Virginia court accepted the certified question and answered it in the negative, holding that "there is no cause of action in West Virginia for failure to warn and negligent misrepresentation against a brand-name drug manufacturer when the drug ingested was produced by a generic drug manufacturer." *McNair v. Johnson & Johnson*, 818 S.E.2d 852, 867 (W. Va. 2018).

The parties agree that the West Virginia decision is dispositive and that no viable claims remain after the court's ruling. Accordingly, the district court's judgment granting summary judgment to Janssen is hereby affirmed.

*AFFIRMED*